DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

**LAKEVIEW LOAN SERVCING, LLC as** )
**Successor in Interest to FLAGSTAR BANK, FSB,** )
)
**Plaintiff,** )
)
v. ) Civil Action No. 2016-0073
)
**RAY A. MARTINEZ and CAROL M. MARTINEZ,** )
)
**Defendants.** )
_____)

**Appearances:**
**A. J. Stone, III, Esq.,**
St. Thomas, U.S.V.I.
  *For Plaintiff*

**Ray A. Martinez, Pro se**
  *For Defendant Ray A. Martinez*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment and Summary Judgment" (Dkt. No. 19), filed by Plaintiff Lakeview Loan Servicing, LLC ("Lakeview") against Defendants Ray A. Martinez and Carol M. Martinez (collectively "Defendants"). For the reasons discussed below, the Court will grant Lakeview's Motion for Default Judgment and for Summary Judgment.

### I.   BACKGROUND

On November 1, 2016, Flagstar Bank, FSB ("Flagstar") filed a Complaint against Defendants alleging causes of action for a debt owed and for foreclosure of a mortgage on real property. Flagstar asserts that Defendants defaulted on a promissory note and on a first priority mortgage regarding certain property described as:

> Plot No. 156 Estate Mary's Fancy, Queen Quarter, St. Croix, U.S. Virgin Islands, consisting of 0.496 U.S. acres, more or less, as more fully shown on O.L.G. Drawing No. 2241 dated July 7, 1967 and revised March 10, 1993,

("the Property") (Dkt. Nos. 1 at ¶¶ 7-8; 21-1). Flagstar alleges that on March 26, 2010, Ray Martinez executed and delivered to Flagstar a promissory note (the "Note"), promising to pay the principal amount of $218,173.00, together with interest at a rate of 5.875% per annum, in consecutive monthly installments of $1,290.58, beginning on May 1, 2010. (Dkt. Nos. 1 at ¶¶ 8-9; 22-1 at 1).[1] To secure payment on the Note, both Defendants granted to Flagstar and Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Flagstar and its successors and assigns, a first priority mortgage over the Property dated March 26, 2010 (the "Mortgage"). Under the terms of the Mortgage, Defendants pledged to make the payments due under the Note, with the Property to be used as security for such payments. (Dkt. Nos. 1 at ¶¶ 11-12; 22-2).

In its Complaint, Flagstar further claims that, on or about April 1, 2016, Defendant Ray Martinez defaulted under the terms of the Note and both Defendants defaulted under the terms of the Mortgage by failing to pay monthly installments of principal and interest. Flagstar contends it notified both Defendants of the default by letter. *Id.* at ¶¶ 15-17. Flagstar further alleges that Defendants failed to cure the default, and that Flagstar elected to accelerate the principal on the Note. Flagstar demanded that Defendants pay the full balance of the principal owed, plus all accrued interest. *Id.* at ¶¶ 18-20.

In its Complaint, Flagstar maintains that it is entitled to enforce the Note and collect all sums due for unpaid principal, accrued interest and other charges, as well as obtain reimbursement

---

[1] In its Complaint, Flagstar alleged that the Note was signed jointly and severally by Defendants. (Dkt. No. 1 at ¶ 8). The Note, however, only bears the signature of Ray A. Martinez. (Dkt. No. 22-1 at 2). In its Motion, Lakeview acknowledges that the Note was signed only by Ray Martinez. (Dkt. No. 20 at ¶ 7).

for any insurance premiums, taxes or other charges that it pays with respect to the Property. *Id.* at ¶¶ 20-22. Flagstar further alleges that it also is entitled to be reimbursed for reasonable attorneys' fees and other expenses it incurs to enforce payment of the Note and to foreclose on the Property. *Id.* at ¶¶ 23. Finally, Flagstar claims that it is entitled to foreclose the mortgage, sell the Property to satisfy the Note, and recover any deficiency from Defendants. *Id.* at ¶¶ 21, 26-28.

Shortly after the Complaint was filed, Flagstar filed a Motion to Substitute Lakeview as the Plaintiff. (Dkt. No. 8). In this Motion, Flagstar averred that MERS, as nominee for Flagstar, assigned their entire interest in the Mortgage to Matrix Financial Services Corporation ("Matrix"). (Dkt. No 8-1). Shortly thereafter, Matrix assigned its interest to Lakeview and both assignments were recorded with the Recorder of Deeds for the St. Croix District. (Dkt. Nos. 8-1; 8-2). Accordingly, Flagstar requested that Lakeview be substituted as Plaintiff. (Dkt. No. 8 at 2). The Magistrate Judge granted the Motion to Substitute and Lakeview became the named Plaintiff in this case. (Dkt. No. 9).

Both Defendants were served with process. (Dkt. Nos. 6, 12). Defendant Ray Martinez filed an Answer, *pro se*. (Dkt. No. 18). Defendant Carol Martinez did not file any responsive pleading. Accordingly, Lakeview moved for Entry of Default against Defendant Carol Martinez and the Clerk entered default against her on April 12, 2017. (Dkt. Nos. 13, 15).

In July 24, 2017, Lakeview filed the instant Motion for Default Judgment and for Summary Judgment and accompanying documents. (Dkt. Nos. 19-23). In the Motion, Lakeview requested default judgment against Defendant Carol Martinez. Lakeview also requested that summary judgment be entered against Defendant Ray Martinez for the entire amount due under the Note, plus expenses, interest, and attorneys' fees. Lakeview also requested foreclosure of all interests in the Property. (Dkt. No. 20 at 7-9.)

3

In an Affidavit of Indebtedness, Lakeview asserts that as of July 1, 2017, the Note carried an unpaid principal balance of $196,804.74, and the unpaid interest accrued from March 1, 2016 through July 1, 2017 was $15,416.32. (Dkt. Nos. 22 at ¶ 10; 22-4). Lakeview also asserts that Defendant Ray Martinez owes for escrow advances of $433.59; late fees of $360.99; and $180.00 for inspections and other property preservation fees. *Id.* at ¶¶ 10-12; 22-4 through 22-7. Lakeview claims that the outstanding indebtedness continues to accrue interest in the monthly amount of $963.52 after July 1, 2017. *Id*. at ¶ 14. Neither Defendant has responded to Lakeview's Motion for Default Judgment and Summary Judgment. (Dkt. No. 42).

Lakeview argues that the procedural elements for default judgment have been satisfied as to Carol Martinez because: she was properly served with copies of the Summons and Complaint; the Clerk entered default against her; and she is not an infant, nor an incompetent person. According to Lakeview, Ms. Martinez also is not in the military service within the meaning of the Servicemember's Civil Relief Act, 50 U.S.C. § 3931. (Dkt. Nos. 22 at ¶ 16; 22-8). Lakeview further contends that the written submissions in this case provide a sufficient basis for entry of default judgment on the merits of its claims. (Dkt. No. 20 at 5-6.) Moreover, Lakeview asserts that it has demonstrated that it is entitled to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *Id.* at 5-6.

Because Defendant Ray Martinez filed an Answer to Lakeview's Complaint, Lakeview seeks summary judgment as to its claims against Mr. Martinez. Lakeview filed a Statement of Undisputed Facts with its Motion, to which Defendant Ray Martinez has not responded. (Dkt. No. 21). Lakeview's Statement sets out in detail the facts set forth above with supporting citations to the record. *Id.* Lakeview submits that the record reflects proof of all the elements of its claims

4

under Virgin Islands law, and that it is entitled to judgment as a matter of law against Mr. Martinez under both the Note and the Mortgage. *Id.* at 11-12.

Finally, Lakeview claims that it is entitled to an award of costs and attorneys' fees incurred in prosecuting this action. *Id*. Lakeview has filed a Declaration of Counsel setting out its attorney's experience, the hours spent by counsel in pursuing this case and counsel's hourly rate. Based on this submission, Lakeview requests an award of attorneys' fees of $5,475.00 and reimbursement for its costs of $855.00. (Dkt. No. 23).

## II. APPLICABLE LEGAL PRINCIPLES

To succeed on the merits in a debt and foreclosure action, the plaintiff must establish three elements: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 793 (2015); *see also Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 229 (V.I. 2013); 55 AM. JUR. 2D Mortgages § 604 (2019) (foreclosure requires a valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

### A. Default Judgment

In considering a motion for default judgment, the Court generally accepts as true any factual allegations contained in the pleadings relating to liability, although the Court may hold a hearing to determine damages or establish the truth of any allegation by evidence. *See* Fed. R. Civ. P. 55(b). Legal conclusions are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014); *Service Employees Int'l Union Local 32BJ v. ShamrockClean, Inc.*, 325 F. Supp. 3d 631, 635 (E.D.

Pa. 2018).[2] Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Pieczenik v. Comm'r New Jersey Dept. of Envir. Protection*, 715 F. App'x 205, 208-09 (3d Cir. 2017); *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014).

In addition to establishing the court's jurisdiction and the merits of the claims, a motion for default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Tutein*, 2019 WL 2656128 at *3 (D.V.I. June 27, 2019)*; see also* Fed. R. Civ. P. 55(b); *Ditech Financial LLC v. Felice,* 2018 WL 1771558, at *2 (D.V.I. Apr. 12, 2018). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 n.1 (3d Cir. 2018) (citing *Chamberlain v. Giampapa*, 210 F.3d at 164).

---

[2] Although every well-pled factual allegation of the complaint, except those relating to damages, are deemed admitted, before entering a default judgment the Court must decide whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 (3d Cir. 2018) (when allegations are insufficient to impose individual liability under the Copyright Act, default judgment was properly denied); *Harris v. Bennett*, 746 F. App'x 91, 94 n.5 (3d Cir. 2018) (when complaint failed to allege facts entitling plaintiff to relief, motion for default judgment properly denied).

### B. Summary Judgment

To prevail on a motion for summary judgment, a movant must show that there is "no genuine dispute as to any material fact," and that, based on the undisputed facts, it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Stone v. Troy Construction, LLC,* 935 F.3d 141, 147 n.6 (3d Cir. 2019); *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). In reviewing a summary judgment motion, the district court is required to view all facts "in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor." *Curto v. A Country Place Condominium Ass'n, Inc.*, 921 F.3d 405, 409 (3d Cir. 2019) (citations omitted). The role of the court is to "determine whether there is a genuine issue for trial." *Stiegel v. Peters Twp.*, 600 F. App'x. 60, 63 (3d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (internal quotation marks omitted)). A genuine issue of material fact exists when the factfinder, viewing the record evidence, could rationally find in favor of the non-moving party. *See Pearson v. Prison Health Service*, 850 F.3d 526, 534 (3d Cir. 2017).

Pursuant to Rule 56(e), a non-moving party is required to establish facts which show the existence of a genuine issue for trial. This does not mean, however, "that a moving party is automatically entitled to summary judgment if the opposing party does not respond." Rather, "[i]f the adverse party does not [] respond, summary judgment, *if appropriate*, shall be entered against the adverse party." *Anchorage Associates v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990) (internal quotations and citations omitted).

### C. Attorneys' Fees and Costs

Title 5 of the Virgin Islands Code, Section 541(b), governs the award of attorneys' fees in the Virgin Islands. The statute states, in pertinent part: "The measure and mode of compensation

of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b). Under both the terms of the Note and Mortgage, the Bank may recover "reasonable" attorneys' fees. (Dkt. Nos. 22-1 at ¶ 6(c); 22-2 ¶¶ 7, 20). The Court will look to the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorneys' fees may be "reasonable." *See Phillips v. FirstBank Puerto Rico*, 2018 WL 1789546, at *3 (D.V.I. April 12, 2019) (observing that § 541 defines reasonable costs in the Virgin Islands as including reasonable attorneys' fees to the prevailing party).

The Third Circuit undertakes a two-step inquiry when examining the reasonableness of attorneys' fees. First, the Court determines whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Williams v. Ranger American of V.I., Inc.*, 2017 WL 2543923 at *1 (D.V.I. June 12, 2017). In addition, the Court must determine whether the hours billed were "reasonably expended," and may exclude any time billed that is found to be "excessive, redundant, or otherwise unnecessary." *Phillips*, 2018 WL 1789546 at *3 (*quoting Flagstar Bank, FSB v. Stidiron*, 2013 WL 5941298 at *6 (D.V.I. Oct. 31, 2013)). Once the Court combines a reasonable hourly rate with the time reasonably expended by counsel, this "lodestar" amount is generally presumed to be the fee to which counsel is entitled absent other factors such as limited success on claims. *Scanno v. F.H. Cann & Associates*, *Inc.*, 794 F. App'x 220, 222 (3d. Cir. 2019).

Under the law of the Virgin Islands, costs generally are allowable to a prevailing party in litigation. 5 V.I.C. § 541. Costs allowed under § 541, excluding attorneys' fees, include: (1) fees of officers, witnesses, and jurors; (2) necessary expenses of taking depositions which were

reasonably necessary in the action; (3) expenses of publication of the summons or notices, and the postage when they are served by mail; (4) compensation of a master as provided in Fed. R. Civ. P. 53; and (5) expenses of copying any public record, book, or document used as evidence at trial. 5 V.I.C. § 541(a). Costs—in addition to attorneys' fees—also must be reasonable under 5 V.I.C. § 541 in order to be awarded. *See Creative Minds, LLC v. Reef Broadcasting, Inc.*, 2014 WL 4908588, at *1 (V.I. Super. Sept. 24, 2014).

Similarly, in order to recover "expenses"—non-statutory costs which are permitted to be recovered under the contract terms—those expenses must be reasonable. *See Rainey*, 55 V.I. at 880-81. Under Virgin Islands law, reasonable expenses related to title searches, filing and recording fees, and process server fees are appropriate expenses that may be recovered. *Matrix Financial Services Corp. v. Laurent*, 2016 WL 2757698, at *6. However, "overhead costs," such as postage and messenger fees, are not compensable. *See Creative Minds, LLC*, 2014 WL 4908588, at *1 (refusing reimbursement of postage and photocopying).

### III. ANALYSIS

#### A. Merits of Plaintiff's Claims

The Complaint alleges that Lakeview was assigned all of Flagstar's interest in the subject property and that the assignment was duly recorded with the Recorder of Deeds on St. Croix; that Defendant Ray Martinez signed the Note and both Defendants executed the Mortgage; and that Defendants are in default under the terms of the Note and Mortgage because of their failure to make monthly payments and interest when due. (Dkt. No. 1). Lakeview subsequently supported its factual allegations with documents attached to its Motion for Default Judgment including the Note, Mortgage, Notice of Default and Affidavit of Indebtedness. (Dkt. Nos. 21-1; 21-2; 21-3). Accepting the factual allegations—as supported by the documentary evidence—as true, Lakeview

9

has established all of the elements required to prove the merits of its claims as to both Defendants. *See Brouillard*, 63 V.I. at 793.

In addition, Lakeview has satisfied the additional requirements needed to obtain a default judgment against Defendant Carol Martinez. It has properly shown that: (1) default was entered against this Defendant by the Clerk of Court (Dkt. No. 10); (2) Defendant Carol Martinez has not appeared in the case; (3) she is not an infant nor an incompetent person (Dkt. No. 22, ¶ 16);[3] and (4) Defendant Carol Martinez was validly served with process. (Dkt. No. 12). In addition, Lakeview provided a copy of a Military Status Report from the Department of Defense Manpower Data Center confirming that Defendant Carol Martinez is not in the military service within the meaning of the Servicemember's Civil Relief Act, 50 U.S.C. § 3931. (Dkt. No. 22-8). Finally, Lakeview has shown with specificity how it calculated the amount of the judgment. (Dkt. No. 22).

Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to Lakeview resulting from Carol Martinez' breach of her contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment against her. In addition, her default is the result of her culpable conduct as evidenced by her refusal to respond to the Complaint. *See World Entertainment Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding culpable conduct based on, *inter alia*, Defendant's failure to respond to complaint reflecting a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct when defendants failed to answer complaint). Thus, default judgment is appropriate.

---

[3] *See FirstBank Puerto Rico v. Jaymo Properties, LLC*, 379 F. App'x 166, 170 (3d Cir. 2010) (affidavit stating in good faith that defendant was a competent adult is sufficient to find that a defaulting defendant is not a minor or incompetent person for purposes of default judgment); *Bank of Nova Scotia v. Robinson*, 2018 WL 1513269, at *3 (D.V.I. March 27, 2018) (same).

Similarly, the Court finds that there is no genuine issue of material fact and that Lakeview has presented undisputed evidence of every element necessary to prevail in a debt and foreclosure proceeding as set out in *Brouillard*, 63 V.I. at 793. Based upon the undisputed facts, Lakeview is entitled to summary judgment against Defendant Ray Martinez as to both the debt and foreclosure claims.

In its Affidavit of Indebtedness and Statement of Undisputed Facts, Lakeview avers that Ray Martinez owes an outstanding unpaid principal balance on the Note of $196,804.74, and the unpaid interest accrued between March 1, 2016 through July 1, 2017 totals $15,416.32. (Dkt. Nos. 22 at ¶ 10; 22-4). Lakeview also asserts that Defendant Ray Martinez owes for escrow advances of $433.59; late fees of $360.99; and $180.00 for inspections and other property preservation fees. *Id.* at ¶¶ 10-12; 22-4 through 22-7. Lakeview asserts that the outstanding indebtedness continues to accrue interest in the monthly amount of $963.52 from and after July 1, 2017. *Id*. at ¶ 14. This equates to per diem interest of $31.68 on the unpaid principal until judgment is entered.[4]

### B. Attorneys' Fees and Costs

In support its request for attorneys' fees and costs, counsel's Declaration reflects that Attorney Stone, as a senior associate attorney at his firm, billed 21.90 hours in pursuing Lakeview's claims and that he regularly charges $250.00 per hour for his services. (Dkt. No. 23-1). Affidavits of other attorneys assert that this rate for a senior associate attorney is reasonable in the Virgin Islands. (Dkt. No. 21-3 through 21-5).

---

[4] This figure was obtained by multiplying the $963.52 monthly interest times 12 months for a total of $11,562.24 in annual interest, and then dividing by 365 days, for a per diem interest cost of $31.6773, rounded up to $31.68.

Turning first to the hourly rate charged, Virgin Islands courts "'have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour.'" *Williams*, 2017 WL 2543293, at *2. *See also Bank of Nova Scotia v. Davis*, 2019 WL 7593154, at *2 (D.V.I. Sept. 13, 2019) (acknowledging attorneys' rates generally span from $125 to $300 per hour); *Ditech Financial, LLC v. Felice*, 2019 WL 4941365, at *3 (D.V.I. 2019) (awarding attorneys' fees at an hourly rate of $250 for a standard residential mortgage foreclosure case); *Bank of Nova Scotia v. Robinson*, 2018 WL 1513269, at *5 (D.V.I. March 13, 2018) (awarding attorneys' fees at a $300 hourly rate in foreclosure proceeding). Based on Attorney Stone's experience and the work involved, the Court finds that the $250.00 per hour billing rate is reasonable.

The Declaration of Counsel reflects that Attorney Stone worked 21.90 hours on this case. (Dkt. No. 23-1). Considering the limited filings in this case, the number of hours should be reduced slightly. A review of Attorney Stone's billing records reflects that he spent 4.3 hours drafting a Declaration of amounts due in December 2016 and then spent an additional 3.6 hours updating the Affidavit of Indebtedness in May 2017. The new time spent updating the documents is excessive for simply updating the original calculations for an additional six-month period. As a result, the Court will reduce the hours billed to a total of 19.90 hours. The total amount of attorneys' fees allowed will therefore be $4,975.00.

Lakeview also seeks to recover expenses that do not qualify as costs under 5 V.I.C. § 541(a). With respect to Lakeview's requested reimbursement of expenses, such reimbursement is permitted not by statute, but by contract, the terms of which are regularly enforced by courts. *See Audubon Engineering Co. LLC v. Int'l Procurement & Contracting Group LLC*, 647 F. App'x 95, 100 n.4 (3d Cir. 2016) (Plaintiff was entitled to attorneys' fees pursuant to contract); *Rainey v.*

*Hermon*, 55 V.I. at 886 (enforcing the terms of a contract, including for legal fees and administrative costs, "unless the fee is unreasonable.").

Lakeview seeks to recover expenses for the filing fee for the Complaint, a title search, recording of a lis pendens and costs paid to process servers. While counsel has failed to attach invoices for these expenses as required by local rules, the fees sought are reasonable and within the norm of such costs in the Virgin Islands.[5] As noted above, these types of expenses are appropriate and reasonable in pursuing debt and foreclosure claims and may be recovered. *Matrix Financial Services Corp. v. Laurent*, 2016 WL 2757698, at *6. Accordingly, the Court will award Lakeview $855.00 in expenses in connection with this case.

### IV. CONCLUSION

Lakeview has satisfied the requirements necessary for entry of summary judgment against Ray Martinez for the principal balance of $196,804.74; the unpaid interest accrued between March 1, 2016 through July 1, 2017 of $15,416.32; escrow advances of $433.59; late fees of $360.99; and $180.00 for inspections and other property preservation fees, for a total of $213,195.64. In addition, Lakeview is entitled to recover unpaid interest on the principal balance from July 2, 2017 to the present at a per diem rate of $31.68, for an additional award of $35,893.44 in accrued interest. The Court will also grant Lakeview's request for attorneys' fees in the amount of $4,975.00 and expenses in the amount of $855.00, for a total of $5,830.00.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: August 7, 2020 _____/s/_____
WILMA A. LEWIS
Chief Judge

---

[5] LRCi 54.1(b) of the Local Rules requires the application for costs to be verified by the attorney, with supporting invoices for the costs claimed. Counsel is directed to comply with this rule in future filings.